IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------x
:
JOHN F. LAWRENCE :
: 3:03 CV 850 (JBA)[1]
:
:
v. :
:
:
:
THE RICHMAN GROUP OF : DATE: MARCH 9, 2005
CONNECTICUT, LLC, ET AL. :
:
-----------------------------------------------------------x

<u>RULING ON DEFENDANTS' MOTION FOR SANCTIONS</u>

On March 16, 2004, U.S. District Judge Janet Bond Arterton referred this lawsuit to this U.S. Magistrate Judge for discovery purposes. (Dkt. #49). Familiarity is presumed with this Magistrate Judge's numerous rulings in this case, 3:03 CV 850 (JBA) ["'850 Action"](<u>see</u> Dkts. ##58, 98, 159, 166 & 169) and in <u>Lawrence v. The Richman Group, Inc. et al</u>, 3:04 CV 166 (JBA) ["'166 Action"], which has been consolidated with the '850 Action. (<u>See</u> Dkt. #72). These various rulings resolved thirty discovery motions and one other discovery dispute between the parties. As will be discussed below, on March 7, 2005, Judge Arterton dismissed a large portion of this lawsuit. (Dkt. #182).

On July 30, 2004, defendants filed their Motion for Imposition of Rule 11 Sanctions, and brief in support (Dkt. #90),[2] as to which plaintiff filed his brief in opposition on August

---

[1] On September 22, 2004, 3:04 CV 166 (JBA) was consolidated with the present case, 3:03 CV 850 (JBA). (<u>See</u> Dkt. #72).

[2] Attached are the following three exhibits: copy of Defendant John F. Lawrence's Memorandum of Points and Authorities in Support of His Opposition to Plaintiffs' Motion to Compel Arbitration in <u>The Richman Group, Inc. v. John F. Lawrence</u>, 3:02 CV 1940 (JBA), dated March 31, 2003 (Exh. A); copy of Transcript of Oral Argument on Motion to Compel Arbitration, held July 14, 2003 before Judge Arterton in 3:02 CV 1940 (JBA)(Exh. B); and copy of Transcript of Telephone Status Conference, held April 1, 2004 before Judge Arterton in 3:04 CV 166 (JBA)(Exh. C).

20, 2004. (Dkt. #94).[3]  Fourteen days later, on September 3, 2005, defendants filed their Motion for Permission to Exceed Page Limit for Reply to Plaintiff's Opposition to Rule 11 Motion for Sanctions (Dkt. #96)[4]; such Motion is <u>granted, nunc pro tunc</u>.  On September 21, 2004, plaintiff filed his Motion for Permission to File Sur-Reply brief (Dkt. #99), which Motion was granted by Judge Arterton on October 6, 2004 (Dkt. #121) and that same day, plaintiff's sur-reply brief was filed.  (Dkts. ##99 & 121-22).[5]  Defendants refiled their reply brief on October 19, 2004.  (Dkt. #130).

For the reasons set forth below, defendants' Motion for Sanctions (Dkt. #90) is <u>denied without prejudice to renewal</u>, and defendants' Motion for Permission to Exceed Page Limit for Reply to Plaintiff's Opposition to Rule 11 Motion for Sanctions (Dkt. #96) is <u>granted, nunc pro tunc</u>.

---

This Motion was filed in 3:03 CV 850(JBA), 3:04 CV 166(JBA) and 3:04 CV 538(JBA). Upon consolidation of 3:04 CV 166(JBA) with the present case, the Court joined the Motion for Sanctions pending in 3:04 CV 166(JBA) with the present case.  Accordingly, duplicative filings are docketed in the present case as follows and have since been terminated: Dkts. ##109-11, 113, 120, 122 & 130.

[3]Attached are the following thirteen exhibits: copy of e-mail correspondence, dated February 2, 1998 (Exh. A); copy of check numbers 43768, 1001 & 1002 (Exh. B); copies of 1099-Misc for 1999-2000 (Exh. C); copy of correspondence, dated April 15, 1999 (Exh. D); copy of fax cover sheet and correspondence, dated February 8, 2001 (Exh. E); copy of Private Placement Memorandum and copy with alterations (Exh. F); copy of Summary of Offering, dated February 18, 2002 (Exh. G); copy of Management of the Partnership document (Exh. H); copy of Q&A from AskNASD website and copy of Section 3040 Private Securities Transactions of an Associated Person (Exh. I); copy of Uniform Application for Broker-Dealer Registration, dated November 19, 1998 and copy of Designation of Recipient for Service of Notice of Commission Proceeding (Exh. J); copies of email correspondence, dated October 27-28 & November 24, 1998 & January 5-6, January 27, February 24, 1999, August 10 & 17, 2001, copy of Synergy Update 5/10/00, copies of budget sheet, dated August 14, 2000 or October 4, 2000, and copies of correspondence, dated September 28, 2000, October 10, 2000 (Exh. K); copy of Defendant's Response to Plaintiff's Third Set of Interrogatories, dated July 16, 2004 (Exh. L); and copy of page 20 of a filing by defendants (Exh. M).

[4]Attached as Exh. A is the original of defendants' seventeen page reply brief, dated September 3, 2004.

[5]Attached to Dkt. #122 are two exhibits: copy of correspondence, dated July 7, 2004 (Exh. N); and copy of excerpts of Transcript of Telephone Status Conference, held September 24, 2003 before Judge Arterton (Exh. 0).

2

## I. DISCUSSION

Defendants seek sanctions against plaintiff, Attorney Brian Daniels and Attorney Ruth Ann Azeredo for violating Fed. R. Civ. P. 11(b) by, <u>inter alia</u>, filing and refusing to withdraw his operative complaints and subsequent papers filed in the '850 action and in the '166 action.[6]  (Dkt. #90, at 1-2).  According to defendants, plaintiff knew or should have known that his claim in the '850 action that his contract with defendant The Richman Group of Connecticut, LLC ["TRGCT"], which contract gave him rights to commissions, cannot be reconciled with his claim in the '166 action that his contract was with each of the various defendants in that action.  (<u>Id.</u> at 2, 4-11).   Moreover, according to defendants, plaintiff knew or should have known that the alleged contract that forms the basis of the claims in both actions was illegal and unenforceable under any theory.  (<u>Id.</u> at 2, 12-16).

In response, plaintiff contends that defendants' motion must be denied for the following reasons: (1) defendants have offered to pay plaintiff $2,500,000 as a full settlement and already paid plaintiff over $650,000 in responses to the actions, thereby defeating defendants' motion as a matter of law (Dkt. #94, at 2, 5-6); (2) although plaintiff contends that his allegations are not inconsistent, Rule 8(e) of the Federal Rules of Civil Procedure permits such inconsistencies (<u>id.</u> at 2, 6-12); and (3) a good faith basis exists for plaintiff to allege compliance with National Association of Securities Dealers ["NASD"] Rule 3040.[7]  (Dkt. #94, at 2, 12-20).

Defendants, however, contend that it is a "bold-faced lie" that defendants offered to

---

[6]The briefs address issues in all three cases: 3:03 CV 850 (JBA); 3:04 CV 166 (JBA); and 3:04 CV 538 (JBA).  This Ruling only addresses the portions of the briefs applicable to the former two lawsuits.  A ruling in 3:04 CV 538 (JBA) has been filed separately.

[7]Plaintiff also contends that dismissal is not an appropriate remedy under Rule 11 (Dkt. #94, at 21-22); such contention is not responsive to defendant's Motion, as, in this motion, defendants do not request relief in the form of dismissal of plaintiff's actions. (<u>See</u> Dkt. #90; Dkt. #130, at 15-17).

3

settle plaintiff's claims for $2,500,000 and it was Wilder Richman that paid plaintiff $655,194, not TRGCT, and that the fact that plaintiff asserted the false settlement offer is a direct violation of the express prohibition against the introduction of offers of settlement in FED. R. EVID. 408.  (Dkt. #130, at 2-3)(emphasis omitted).  Moreover, according to defendants, plaintiff's inconsistencies are not limited to his pleadings, but rather resulted from representations by plaintiff to this Court and the District Court of Maryland; thus, the allowance provided for in Rule 8(e) does not suffice (id. at 5-8); and plaintiff's "good faith" explanation for his contract claim demonstrates his knowing violation of Rule 11.  (Id. at 8-11).

In plaintiff's surreply brief, he asserts that defendants raised two issues for the first time in their reply brief which "now demonstrate [d]efendants' failure to comply with the 'safe harbor' provisions of Rule 11," namely, defendants never properly demanded the withdrawal or correction of statements allegedly made in the '850 action and defendants' reply brief proves defendants' failure to comply with Rule 11(c)(1)(A) to the extent defendants' motion is based upon allegedly inconsistent contentions by plaintiff. (Dkt. #122, at 2-4).  Plaintiff also contends that defendants' motion must be denied based upon statements as to which no clear demand for withdrawal or correction was made, which were "corrected" in any event, and/or which already had been disposed by judicial rejection or by defendants' voluntary dismissal  (id. at 5-8); and plaintiff properly opposed defendants' Rule 11 motion based upon defendants' offer of compromise and unconditional payments to plaintiff as a result of the actions.  (Id. at 8-10).

Defendants' arguments in this motion were largely addressed in Judge Arterton's strongly worded Ruling on Defendant[s'] Motion to Dismiss; Plaintiff's Motion to Add Defendants; and Defendants' Motion to Strike (Dkt. #182), filed on March 7, 2005, which is

4

not flattering to plaintiff.  As stated above, the basis for defendants' Motion for Imposition of Rule 11 Sanctions is that plaintiff and his counsel knew or should have known that his claim in the '850 action that his contract with TRGCT, which contract gave him rights to commissions, cannot be reconciled with his claim in the '166 action that his contract was with each of the various defendants in that action, and that plaintiff and his counsel knew or should have known that the alleged contract that forms the basis of the claims in both actions was illegal and unenforceable under any theory.  (Dkt. #90, at 2, 4-16).  In her March 7th Ruling, Judge Arterton concluded that the contract is "void on the face of [plaintiff's] complaint under federal securities law" (at 5, n.3), as under the regulatory framework of federal securities law, "Lawrence cannot have a valid contract exclusively with unregistered defendants. . . . For the arrangement Lawrence has alleged to be valid, he would need to have been acting in his capacity as an associated person of Wilder Richman," a possibility Lawrence, by his own allegations, has disclaimed.  (At 14).

Moreover, a good faith basis does not exist for plaintiff to allege compliance with NASD Rule 3040 as such rule expressly requires written approval from Wilder Richman for plaintiff to enter into a contract with defendants and "[t]he allegations in Lawrence's complaint in this and in his related action preclude the existence of express written notice and consent from Wilder Richman." (At 19).  Judge Arterton therefore held with respect to Counts I of his complaint:

> There is no way to read Lawrence's complaint, and the consistent position he has taken as to Wilder Richman in this and prior litigation, to allege that he represented Wilder Richman, through whom he was registered, in soliciting Bank Fund investors, and Lawrence's allegations preclude application of NASD Rule 3040.  The Court thus concludes that Lawrence has alleged an illegal contract, the performance of which is unenforceable. . . .  Count I of the complaint, for breach of contract, is dismissed.

(At 22).   Judge Arterton, however, indicated that she would "reconsider this decision if

plaintiff amends his complaint such that those allegations now precluding application of NASD Rule 3040 are modified," specifically, "plaintiff must have given detailed written notice of each proposed transaction _expressly_ to Wilder Richman, and must have received express written consent from Wilder Richman." (At 23)(emphasis in original)(footnote omitted).

With respect to Counts II-IV and VI, Judge Arterton further held: "Lawrence's bad faith, conversion, statutory theft, and CUTPA claims each depend on the existence of a valid contract, in the absence of which, Lawrence cannot imply good faith covenant, claim of ownership right to the commissions, or prove that the non-payment of commissions was unfair." (At 24-25). Accordingly, such counts were also dismissed. However, with respect to Count V, "[b]ecause an unjust enrichment claim may survive an invalid contract," Judge Arterton left this issue "for further record development." (_Id._ at 30)(footnote omitted).

Judge Arterton also observed that "There has been a significant amount of gamesmanship by both sides in their four related lawsuits. . . ." (at 23, n.11), a sentiment echoed by this Magistrate Judge in her numerous discovery rulings. (_See, e.g._, Dkt. #169, at 12-13, n.12).

Federal Rule of Civil Procedure 11(b) requires that any representations made to the court

> (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented part is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -
>
> (1) it is not being presented for an improper purpose . . .;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary

> support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Based upon Judge Arterton's harsh language in the March 7th Ruling, there well may be reason to impose Rule 11 sanctions here, particularly with respect to Count I. However, Judge Arterton specifically left open the opportunity for plaintiff to seek leave to file an amended complaint (at 23), and did not dismiss Count V for unjust enrichment (at 29-30). Rather than engage in further piecemeal distractions on this issue, the more prudent approach is to deny defendants' motion, without prejudice to renew, until such time as is clear which claims actually will remain in this lawsuit.

Accordingly, defendants' Motion for Imposition of Rule 11 Sanctions is (Dkt. #90) denied without prejudice to renewal after further development of the remaining unjust enrichment claim in Count V and a possible amended complaint on Count I.

## II. CONCLUSION

For the reasons set forth below, defendants' Motion for Sanctions (Dkt. #90) is denied without prejudice to renewal, and defendants' Motion for Permission to Exceed Page Limit for Reply to Plaintiff's Opposition to Rule 11 Motion for Sanctions (Dkt. #96) is granted, nunc pro tunc.[8]

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small

---

[8] As this Magistrate Judge has offered on countless occasions in her numerous discovery rulings, if most counsel believe that a settlement conference before this Magistrate Judge would be productive, they may contact Chambers accordingly.

<u>v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 9th day of March, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge