UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN F. LAWRENCE | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 3:03CV00850 (JBA) |
| | : | LEAD |
| v. | : | |
| | : | |
| THE RICHMAN GROUP OF CONNECTICUT, LLC, | : | |
| | : | |
| | : | |
| Defendants. | : | DECEMBER 20, 2005 |

**DEFENDANTS' RENEWED MOTION FOR IMPOSITION OF RULE 11
SANCTIONS WITH INCORPORATED MEMORANDUM OF LAW**

Defendants hereby renew their July 30, 2004 Motion for Imposition of Rule 11 Sanctions against Plaintiff, John F. Lawrence, and his attorneys, Brian P. Daniels and Ruth Ann Azeredo.

**Preliminary Statement**

On July 30, 2004, Defendants filed their Motion for Imposition of Rule 11 Sanctions seeking sanctions against Plaintiff and his counsel for filing and refusing to withdraw Plaintiff's operative complaints and subsequent papers in Lawrence v. The Richman Group of Connecticut, LLC, et al, 3:03 CV 850 (JBA) (the "850 Action") and Lawrence v. The Richman Group, Inc., et al, 3:04 CV 166 (JBA) (the "166 Action").[1] The basis for Defendants' motion was twofold. First, Defendants maintained that Plaintiff and his counsel knew or should have known that Plaintiff's contract-based

---

[1] This Motion was filed in both the 850 Action and the 166 Action prior to the consolidation of the two actions on September 22, 2004.

1

claims against the Defendants in the 166 Action could not be reconciled with Plaintiff's claims asserted against Defendant, The Richman Group of Connecticut, LLC ("TRGCT") in the 850 Action. (Rule 11 Motion at 2, 4-11). Second, Plaintiff and his counsel knew or should have known that the alleged contract that formed the basis of Plaintiff's claims in both actions was illegal and unenforceable under any theory. (Id. at 2, 12-16).

On March 9, 2005, Magistrate Judge Margolis rendered her Ruling on Defendants' Motion for Sanctions, denying Defendants' motion without prejudice to renew. ("Rule 11 Order"). Citing Judge Arterton's "strongly worded" March 4, 2005 Ruling on Defendant[s'] Motion to Dismiss ("March 4 Dismissal Order"), the Magistrate Judge found that "there well may be reason to impose Rule 11 sanctions here, particularly with respect to Count I." (Rule 11 Order at 7). However, because Judge Arterton's March 4 Dismissal Order stated that she would reconsider the dismissal of Plaintiff's contract-based claims under certain specified conditions, and because Judge Arterton left for further consideration Plaintiff's claim for unjust enrichment, Magistrate Judge Margolis denied Defendants' Motion for Imposition of Rule 11 Sanctions without prejudice to renew once it was determined which claims would actually survive. (Id.).

As Defendants demonstrate below, Judge Arterton has now rejected every argument Plaintiff has mustered to defend his contract-based claims, and, in the process, has further confirmed the baselessness of these claims. Judge Arterton has also specifically considered and dismissed Plaintiff's unjust enrichment claim. Accordingly, in view of Magistrate Judge Margolis' express statement that Defendants' Rule 11 Motion could be renewed "after further development of the remaining unjust enrichment claim . . . and a possible

amended complaint on Count I" (Rule 11 Order at 7), Defendants respectfully submit that sanctions against Plaintiff and his counsel for violation of Rule 11 should now be imposed.

### **Argument**

In the Rule 11 Order, Magistrate Judge Margolis emphasized the clarity of the applicable law that rendered illegal and unenforceable Plaintiff's alleged contract with Defendants. (Rule 11 Order at 5)  The Magistrate Judge also underscored the absence of a "good faith basis" for Plaintiff to argue that the illegal contract bar was not applicable because he had complied with the requirements of NASD Rule 3040. (Id.).  Quoting from Judge Arterton's March 4 Dismissal Order, Magistrate Judge Margolis stated:

> There is no way to read Lawrence's complaint, and the consistent position he has taken as to Wilder Richman in this and prior litigation, to allege that he represented Wilder Richman, through whom he was registered, in soliciting Bank Fund investors, and Lawrence's allegations preclude application of NASD Rule 3040. The Court thus concludes that Lawrence has alleged an illegal contract, the performance of which is unenforceable . . . . Count I of the complaint, for breach of contract, is dismissed.

(Rule 11 Order at 5 citing March 4 Dismissal Order at 22).[2]

Notwithstanding this determination, Magistrate Judge Margolis recognized that Judge Arterton had indicated her willingness to "'reconsider [the dismissal] if plaintiff amends his complaint such that those allegations now precluding application of NASD Rule 3040 are modified,' specifically, 'plaintiff must have given detailed written notice of each proposed transaction expressly to Wilder Richman, and must have received express

---

[2] The March 4 Dismissal Order went on to dismiss Counts II through IV and VI because these claims necessarily relied upon the existence of a valid, enforceable contract. (March 4 Dismissal Order at 23-28).

3

written consent from Wilder Richman.'³" (Rule 11 Order at 5-6, citing March 4 Dismissal Order at 23)(emphasis in original). For this reason, and because Judge Arterton had left for further consideration Plaintiff's unjust enrichment claim, the Magistrate Judge concluded that "the more prudent approach is to deny defendants' motion <u>without prejudice to renew</u>, until such time as is clear which claims actually will remain in this lawsuit." (Rule 11 Order at 7)(emphasis in original).

On March 21, 2005, with the specter of Rule 11 sanctions looming, Plaintiff accepted Judge Arterton's conditional offer and filed his Second Amended Complaint. Plaintiff accompanied his Second Amended Complaint with a Motion for Reconsideration purportedly designed to point out the manner in which Plaintiff's amendments complied with Judge Arterton's instructions.

In response, Defendants argued that Plaintiff's latest amended pleading and Motion for Reconsideration represented nothing less than a well-coordinated repudiation of the March 4 Dismissal Order as well as a frank admission by Plaintiff of what Defendants had argued all along - that the requisite Rule 3040 notice and consent never existed. As demonstrated by her August 11, 2005 Ruling on Motion for Reconsideration ("Ruling on Reconsideration"), Judge Arterton whole-heartedly agreed.

The Ruling on Reconsideration begins by recounting the express, limited basis upon which Judge Arterton stated that she would reconsider dismissal of Plaintiff's contract-related claims in the Amended Complaint:

---

³ Significantly, Judge Arterton's decision to allow Plaintiff this limited avenue within which to amend his complaint was based on Plaintiff's counsel's <u>repeated</u> and <u>unequivocal</u> representations to Judge Arterton that he had sufficient evidence in hand to substantiate a pleading of express compliance with Rule 3040. (February 22, 2005 Motion to Dismiss Hearing Transcript, 48-50; 71-72; March 4 Dismissal Order at 19, 23). Moreover, Judge Arterton specifically warned Plaintiff's counsel regarding his continuing obligations under Rule 11. (Motion to Dismiss Transcript, p. 73).

4

> Plaintiff's counsel insisted at oral argument, however, that notwithstanding the plaintiff's allegations in his complaints related to '850 and '538 actions, in fact plaintiff had received express written consent from Wilder Richman to engage in private securities transactions, which would render the contracts with defendants legal under NASD Rule 3040.  Based upon counsel's representations, the Court gave plaintiff leave to amend his complaint, and stated that it would reconsider its decision if "plaintiff amends his complaint such that those allegations now precluding application of NASD Rule 3040 are modified, and plaintiffs' (sic) amended allegations are in accordance with the [Court's] construction of NASD Rule 3040.  That is, to satisfy Rule 3040, plaintiff must have given detailed written notice of each proposed transaction <u>expressly</u> to Wilder Richman, and must have received express written consent from Wilder Richman."  March 4, 2005 Ruling [Doc. # ] (sic) at 23.

(Ruling on Reconsideration at 1-2)(emphasis in original).

Then, after dispensing with a standing argument that Plaintiff attempted to raise for the first time on reconsideration (<u>Id.</u> at 2-5), Judge Arterton determined that Plaintiff had utterly failed to comply with the conditions for reconsideration of her dismissal ruling:

> The allegations in the Second Amended Complaint fall far short of the express written consent that this Court required when giving plaintiff leave to amend his complaint, particularly when viewed in light of the procedural history of this case . . . . Lawrence nowhere alleges <u>express</u> written notice to and consent from Wilder Richman itself for each transaction in which he engaged; such information would necessarily be within his possession and had it existed Lawrence could have so pled.

(<u>Id.</u> at 5-6)(emphasis in original).  Judge Arterton went on to make special note that, as with his prior pleadings, "Lawrence's allegations are at odds with themselves – he has simultaneously asserted that the transactions at issue are 'private securities transactions' within the meaning of NASD Rule 3040, and that the transactions took place within the scope and in the regular course of Lawrence's employment with Wilder Richman, such that they could <u>not</u> be private securities transactions."  (<u>Id.</u> at 8)(emphasis in original).

5

Judge Arterton also specifically rejected Plaintiff's feigned confusion over whether he could comply with the March 4 Dismissal Ruling by simply adding more allegations in support of a theory of implied - rather than express – notice and consent. (Id. at 8-9). In stern reproach, Judge Arterton reiterated: "This Court's March 4, 2005 ruling could not have been clearer – 'to satisfy Rule 3040, plaintiff must have given detailed written notice of each proposed transaction expressly to Wilder Richman, and must have received express written consent from Wilder Richman." (Id. at 9)(emphasis in original).

In short, Judge Arterton concluded that Plaintiff's Second Amended Complaint merely continued the gamesmanship which was the basis of Defendants' July 30, 2004 Motion for Imposition of Rule 11 Sanctions:

> At this stage of these proceedings, the Court cannot countenance further gamesmanship in an effort to avoid arbitration. Indeed, despite Lawrence's allegations that he engaged in 'private securities transactions,' what his specific allegations support is not a private securities transaction at all, but rather a contractual relationship in which Lawrence acted on behalf of Wilder Richman, and communicated with Smith as part of the regular course of his employment – **which is precisely what defendants have long claimed and what this Court specifically queried counsel about at oral argument**.

(Id. at 10)(emphasis added).

With regard to Plaintiff's unjust enrichment claim, Judge Arterton's December 12, 2005 rulings on Defendants' Motions for Dismissal and/or Summary Judgment in the 166 and 850 Actions leave no doubt that Plaintiff's unjust enrichment claim was as baseless as

his other contract-based claims.[4]  As Judge Arterton stated: "it is clear that allowing [Plaintiff] to proceed on his claim of unjust enrichment, which relates solely to the services performed and benefits received pursuant to an illegal contract, would render the prohibition in Section 78cc(b) a ' toothless tiger' " (Ruling on Defendants' Motion for Dismissal and/or Summary Judgment in the 166 Action at 10).

Judge Arterton's Ruling on Reconsideration and December 12th rulings highlight the absence of good faith that Magistrate Judge Margolis observed in her Rule 11 Order.  By their own conduct, Plaintiff and his counsel have removed any potential reason for Magistrate Judge Margolis to withhold the imposition of Rule 11 sanctions for filing and failing to withdraw the pleadings and supporting papers that were the subject of Defendants' Motion for Imposition of Rule 11 Sanctions.

Accordingly, Defendants' renew their July 30, 2004 Motion for Imposition of Rule 11 Sanctions, and respectfully request that this Court impose appropriate monetary sanctions against both Plaintiff and his counsel as provided under Rule 11(c)(2).

THE DEFENDANTS,

By: _____
    Richard Slavin, Esq.
    Federal Bar No. ct06304
    Cohen and Wolf, P.C.
    1115 Broad Street
    Bridgeport, CT  06604
    Tel:  (203) 368-0211
    Fax:  (203) 394-9901
    Email:  rslavin@cohenandwolf.com

---

[4] In the 850 Action, the Ruling on Defendants' Motion to Dismiss and/or for Summary Judgment also dismissed with prejudice claims for breach of contract, breach of implied covenant of good faith and fair dealing, and negligent misrepresentation because, again, the alleged contract that formed the basis of these claims was illegal and unenforceable. (Ruling on Defendants' Motion to Dismiss and/or for Summary Judgment in the 850 Action at 4-13).

        Robert W. Turken (ct25652)
        Bilzin Sumberg Baena Price & Axelrod, LLP
        200 South Biscayne Boulevard
        Miami, Florida 33131
        Telephone: (305) 374-7580
        Facsimile: (305) 374-7593
        Email: rturken@bilzin.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of December, 2005, a copy of the foregoing was served via U.S. Mail, postage prepaid, upon Brian D. Daniels, Esq., Brenner Salzman & Wallman LLP, 271 Whitney Avenue, P.O. Box 1746, New Haven, CT 06507-1746, Ruth Ann Azeredo, Esq., 12618 Knowledge Lane, Bowie, MD 20715, Sara R. Simeonidis, Esq., Bingham McCutchen LLP, One State Street, Hartford, CT 06103-3178, John R. Snyder, Esq., Bingham McCutchen LLP, 150 Federal Street, Boston, MA 02110, Jeffrey J. Tinley, Esq., Tinley Nastri Renehan & Dost, LLP, 60 North Main Street – 2nd Floor, Waterbury, CT 06702 and Landmark Corsi Ballaine & Ford P.C., 120 Broadway, 27th Floor, New York, NY 10271.

                                                                         Richard Slavin