UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

John F. Lawrence,          :
    Plaintiff,         :
                       :
v.                         :     Case No. 3:03cv850 (JBA)
                           :
The Richman Group of       :
Connecticut, LLC, et al.,  :
    Defendants.        :

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. # 295]**

Plaintiff John F. Lawrence moves for reconsideration of this Court's December 2006 Ruling on Plaintiff's Objections to Sanctions Ruling [Doc. # 291] ("Ruling"), which overruled plaintiff's Objections to Magistrate Judge Margolis' ruling regarding sanctions, and approved and adopted that ruling with modification, thus granting defendant's sanctions motion "for the time expended by defense counsel with respect to disposition of all contract-based counts in the Second Amended Complaint, running from the filing of that complaint on March 21, 2005" (Ruling at 15-16). Familiarity with the factual and procedural background of this case, including that underpinning the December 2006 Ruling, such as the circumstances surrounding the filing of plaintiff's Second Amended Complaint and the Court's specific instructions to plaintiff's counsel concerning what was legally required to be pled to avoid defendant's illegal contract defense, is presumed.

Plaintiff now moves for reconsideration on the following

1

grounds: (1) "[t]he Court's Ruling does not discuss, and the [p]laintiff urges the Court to reconsider, that the [p]laintiff's counsel consulted with securities experts prior to filing the Second Amended Complaint; (2) "[t]he Court's Ruling does not discuss, and the [p]laintiff urges the Court to reconsider, the Court of Appeals decision in Boguslavsky v. Kaplan, 159 F.3d 715 (2d Cir. 1998);" and (3) "[w]ith respect to the finding that the [p]laintiff's counsel 'deliberately misrepresented' what would be included in the Second Amended Complaint, the Court should reconsider the significance of its prior finding that the non-compliance with the Court's pleading instructions instead was the result of a 'misunderstanding.'" Mot. for Recons. [Doc. # 295].

**I.   Standard**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is appropriate only "if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994).

**II. Discussion**

As plaintiff does not cite any intervening change in controlling law, nor does he present new evidence, the only basis for his motion can be to correct a clear error of law or to prevent manifest injustice. While plaintiff does cite to Second Circuit authority not specifically discussed in the Court's Ruling – Boguslavsky v. Kaplan, 159 F.3d 715 (2d Cir. 1998) – and the Court will thus grant plaintiff's Motion for purposes of considering this authority, neither this authority nor plaintiff's other arguments warrant modification of the Ruling.

Addressing plaintiff's arguments seriatim, his claim that he/his counsel consulted securities experts regarding the requirements of NASD Rule 3040 prior to submitting his Second Amended Complaint does not suffice to establish good faith in filing that pleading. As the Ruling recognized, the Court had already specifically directed plaintiff's counsel as to the express written consent legally required for showing compliance with Rule 3040, and the Second Amended Complaint's allegations "fell far short" (August 11, 2005 Ruling [Doc. # 24] at 5-6) (plaintiff "nowhere allege[d] express written notice to and consent from [WRSC] itself for each transaction in which he engaged"). Given the Court's explicit instructions to counsel, and counsel's representation that he would be able to plead in accordance with those instructions, the opinions rendered to

3

plaintiff/his counsel by these securities experts are irrelevant.[1]  There is thus no basis for reconsideration on this ground.

As to plaintiff's contention that the Court should consider the decision in Boguslavsky v. Kaplan, the Court did not specifically mention this case in its Ruling, although plaintiff cited it in a supplemental memorandum filed after the initial sanctions briefing had been completed.  The Court thus grants plaintiff's Motion in part, to consider this case, but finds that it does not justify modification of the Ruling.  In Boguslavsky, an appeal from a grant of summary judgment dismissing a securities fraud action brought by a group of investors, the Second Circuit observed that it had "yet to address whether an alleged violation of § 15(a)(1) [of the Securities Exchange Act of 1934] can form the predicate for a rescission action under § 29(b)," noting decisions from other circuits that had acknowledged that such a private right of action was available.  159 F.3d at 721 n.6.  Plaintiff thus argues that "a key area of the law on which the complaint might stand or fall had not yet

---

[1] Conclusions of law are for the Court, not experts.  The cases cited by plaintiff, see Pl. Mem. [Doc. # 296] at 4-5, concern instances where an expert consultation on matters of fact were found to justify a plaintiff's factual litigation position, but they do not support plaintiff's argument here, which concerns an interpretation of the requirements of law, particularly as the Court had already provided its interpretation of what the law required.

4

been decided," and "sanctions can only be imposed if it were clear under existing precedents that there was no chance of success and no reasonable argument to extend, modify or reverse the law as it stood at that time."  Pl. Mem. at 5.

While the Second Circuit's dicta does appear to reference some ambiguity as to whether a private right of action for rescission under § 15(a)(1) exists, its statement does not concern the issue here, where defendant availed itself of § 15(a)(1) as the basis for its illegal contract <u>defense</u> to plaintiff's claim for breach of contract.  Thus, plaintiff has not demonstrated that the law as to the availability of such a defense was unsettled.  Moreover, plaintiff neglects to consider the fact that <u>before</u> he filed his Second Amended Complaint, <u>this Court</u> had already conclusively ruled that such a defense was available and valid, if established.   <u>See</u> March 7, 2005 Ruling [Doc. # 182] at 22.  Accordingly, plaintiff's citation to <u>Boguslavsky</u> is inapposite, as it ignores the fact that its Second Amended Complaint, the filing and maintenance of which constitute the conduct for which sanctions have been imposed, had nothing to do with the viability of defendant's § 15(a)(1) defense as a matter of law as that issue had already been decided. Rather, the Second Amended Complaint was intended to address pleading defects relating to the <u>success</u> of that defense (<u>i.e.</u>, whether the contract alleged by plaintiff was in fact legal).  Further,

5

as defendant notes, citation to Boguslavsky in opposing the imposition of sanctions cannot justify plaintiff's claimed good faith at the time he filed his Second Amended Complaint, because, as plaintiff acknowledged in his supplemental submission citing Boguslavsky [Doc. # 288], he was not aware of the case at the time he filed his amended pleading. Thus, consideration of Boguslavsky does not justify modification of the Ruling.

Lastly, plaintiff's contends that "[w]ith respect to the finding that the [p]laintiff's counsel 'deliberately misrepresented' what would be included in the Second Amended Complaint, the Court should reconsider the significance of its prior finding that the non-compliance with the Court's pleading instructions instead was the result of a 'misunderstanding.'" However, the Ruling took into account the Court's previous characterization of "plaintiff's non-compliance with its pleading instruction as a 'misunderstanding,'" which characterization was intended as "generous," and found that sanctions were nevertheless appropriate. Ruling at 3. Thus, as the Court already found, its earlier comment, made in a non-sanctions context, and noting that while plaintiff "appear[ed] to have misunderstood the Court's earlier ruling," that ruling "could not have been clearer," [Doc. # 241] at 8-9, does not preclude a finding that sanctions are warranted for the filing and maintenance of the Second Amended Complaint which demonstrably

did not comply with the instructions in that ruling.  Plaintiff's reliance on that comment, thus, cannot provide a basis for reconsideration.

**III. Conclusion**

For the foregoing reasons, plaintiff's Motion [Doc. # 295] is GRANTED in part, and DENIED in part, but the Court's Ruling remains unchanged after reconsideration.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut this 3rd day of August, 2007.**